JOYNFS, J.
The gravamen of this action is negligence on the part of the defendants, through their agents and servants, in the management of their steamer, which is alleged to have been the cause of the collision by which the plaintiff’s schooner was sunk. Unless such negligence existed and was the cause of the collision, the action cannot be sustained.
There is no direct evidence on this subject. The evidence does not show whether the steamer did or did not keep a proper lookout, or whether she did or did not show proper lights, nor how she was navigated or otherwise managed before or at the moment of the collision. The only witness examined proved nothing as to any of these points, and was not interrogated in respect to them, or any of them.
It was, however, contended in the argument, that while there is no direct proof of negligence on the part of those in charge of the steamer, such negligence ought to be inferred from the evidence.
It is undoubtedly true that the defendants in the court below, by demurring to the evidence, admitted every fact that might fairly be inferred from the evidence of the plaintiffs, as well as all such as were directly proved by it. And, as was said by Judge Stanard in Ware v. Stephenson, “in determining the facts inferrible, inferences most favorable to the demurrer will be made, in cases in which there is grave doubt which of two or more inferences shall be deduced. In such cases it would not be sufficient that the mind of the court should incline to the inference favorable to the demurrant, to justify it in making that inference the ground of its judgment. Unless there be a decided preponderance of probability or reason ^against the inference that might be made in favor of the demurrer, such inference ought to be made.” 10 Leigh 155. But while the rule is thus favorable to the party whose evidence has, by the demurrer, been withdrawn from the consideration of the jury, it must be borne in mind that he is not entitled to claim that more shall be inferred from his evidence by the court than the jury might fairly and reasonably have inferred from it, if they had been allowed to pass upon it. Green v. Judith, 5 Rand. 1; Hansbrough’s ex’r v. Thom, 3 Leigh 146; Tutt v. Slaughter’s adm’r, 5 Gratt. 364.
The question, therefore, is whether it can be fairly and reasonably inferred from the evidence in this cause, that the collision in question was occasioned by negligence and want of care on the part of those who were in charge of the defendant’s steamer.
It was argued in the first place, that in every case of a collision between a steamer and a sailing vessel, it is reasonable to presume, in the absence of any proof to the contrary, that it was occasioned by the fault of the steamer. When the collision happens in the day time, and in good weather, such a presumption might not be unreasonable in most cases, in consequence of the facility of controlling the movements of the steamer, and the probability that a collision would not happen, under such circumstances, without some fault on her part. It is-held by the Supreme Court of the United States that the “mere fact that one vessel strikes and damages another, does not of itself make her liable for the injury, and that the collision must in some degree be occasioned by her fault.” Brig James Gray v. Ship John Fraser, 21 How. U. S. R. 184; Union Steamship Company v. New York and Virginia Steamship Company, 24 How. U. S. R. 313; The Morning Light, 2 Wallace’s R. 550. But it is also held by the same court, that where a collision occurs between *a steamer and a sailing vessel, where the steamer could see the sailing vessel in time, the steamer will be prima facie chargeable with fault for not taking the precautions necessary to avoid the collision. Steamer Oregon v. Rocca & al., 18 How. U. S. R. 570; New York and Liverpool U. S. Mail Steamship Company v. Rumball, 21 How. U. S. R. 372; Propeller Genessee Chief v. Fitzhugh & als., 12 How. U. S. R. 443.
But even if the owner of the sailing vessel could recover in such a case merely upon proof of the fact of collision, and without any other evidence of negligence or fault on the part of the steamer, as to which I am not called upon to give an opinion, I think such a rule cannot be applied to the present case. The collision in this case occurred on a dark night, described by the witness as “thick and foggy,” and might well have happened without any fault or *278 want of care on the part of either vessel. The Morning Light, 2 Wallace’s R. 550. In such a case, .the mere fact of collision does not raise a presumption of negligence against the steamer, and is not, therefore, sufficient of itself to make her liable.
Again it is argued, that as the defendants did not prove that the steamer kept the proper look out and showed the proper number and description of lights, it ought to be presumed against them that they could not do so, and that in point of fact she did not have the look out or the lights.
Now every steamer is required by act of congress, under heavy penalties, to show at night lights of prescribed color and in prescribed parts of the vessel. And so by the rules of navigation, which are rigidly enforced by the courts of admiralty, every such vessel is required to keep a look out in the night time, whose sole business it shall be to'look for dangers ahead, and so posted as to enable him best to perform that duty. The omission of *these precautions not only involves a gross dereliction of duty to the owners of the ship and cargo, but a violation of law and a liability to heavy penalties, and argues an indifference on the part of the master to his own interests and safety. In the absence of all proof on the subject, it must be presumed, in accordance with well established principles, that duties thus enjoined have not been neglected, but have beén performed.
■ If the defendants had gone into evidence, in detail, to repel the imputation of negligence by proving that their vessel was properly managed, the failure to prove that she kept the proper look out, and showed the requisite number and description of lights, would justly have given rise to the inference that she had not done so. These are the ■ precautions specially devised and enjoined by law and usage, to guard against the danger of collision in the night time. And it is hardly to be believed that a party attempting to defend himself by detailed evidence against responsibility for such a collision would fail to prove that he had adopted these common and necessary precautions, if he had really done so. The failure to adduce this evidence, under such circumstances, might well be deemed sufficient to overcome the presumption that the duties enjoined by law and usage had been duly observed. But in the present case the defendants did not go into evidence to prove that their steamer was properly managed. They produced no evidence at all, but believing that, the plaintiffs had failed to make out their case, demurred to their evidence as insufficient. The failure of the defendants, under such circumstances, to prove that the steamer kept the look out and showed the lights required by law and usage, cannot give rise to any unfavorable inference, and leaves the presumption in their favor in full force.
Upon the whole I am of opinion that the evidence does not establish that the collision was the result of negligence *or want' of due care on the part of those in charge of the steamer, and that, therefore, . the judgment should be reversed, and judgment rendered in favor of the plaintiffs in error.
. The case being thus disposed of, it is unnecessary to consider whether there was any negligence on the part of those in charge of the schooner, or to discuss the principles applicable to the case of damage resulting from the mutual and-concurrent fault of both parties. It is proper to say, however, that the admiralty rule adopted by the court below, by which the loss in such a case is divided equally between the parties, does not prevail in the courts of common law, and is inconsistent with common law principles. When the negligence or fault of the injured vessel contributes to produce the injury, so that the injury results directly from the negligence or fault of both vessels, the common law does not undertake to say how much of it is due to one and how much to the other, and leaves the loss where it falls. Dowell v. Steam Navigation Co., 85 Eng. C. L. R. 195; Tuff v. Warman, 5 Com. B. (N. S.) 573, 94 Eng. C. L. ; Witherley v. Regent’s Canal Co., 104 Eng. C. L. R. 2; Rathbun v. Payne, 19 Wend. R. 399; Broadwell v. Swigert, 7 B. Monr. R. 39; Simpson v. Hand, 6 Whart. R. 311; Baker v. Lewis, 33 Penn. R. 301.
The other judges concurred in the opinion of Joynes, J.
Judgment reversed, and entered for the defendants in the court below. •